UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA; MARYLAND CASUALTY COMPANY; NORTHERN INSURANCE COMPANY OF NEW YORK; ZURICH SPECIALTIES LONDON; ZURICH AMERICAN INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; AND ZURICH SERVICES CORPORATION,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NATIONAL FIRE & MARINE INS. CO.,<br><br>    Defendant. | Case No.: 2:10-cv-02182-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss or Sever–#5;<br>Motion to Remand–#11) |

    Before the Court is Defendant National Fire & Marine Ins. Co.'s **Motion to Dismiss or Sever** (#5, filed Dec. 22, 2010). The Court has also considered Plaintiffs Assurance Co. of America, Maryland Casualty Co., Northern Insurance Co. of New York, Zurich Specialties London, Zurich American Insurance Co., Steadfast Insurance Co., and Zurich Services Corp.'s Opposition (#10, filed Jan. 18, 2011), and National Fire's Reply (#12, filed Jan. 28, 2011).

    Also before the Court is Plaintiffs' **Motion to Remand** (#11, filed Jan. 18, 2011). The Court has also considered National Fire's Opposition (#13, filed Feb. 4, 2011), Plaintiffs'

Reply (#21, filed Feb. 14, 2011), National Fire's Surreply ((#25, Mar. 2, 2011), and Plaintiffs' Surreply (#28, filed Mar. 22, 2011).

## BACKGROUND

This case arises from commercial general liability policies National Fire issued to 75 different insureds (the "Insureds"). These Insureds are or have been involved in 163 separate construction defect lawsuits or Chapter 40 proceedings (the "Underlying Matters") in seven different states. Plaintiffs are also insurance companies that insured the Insureds. Plaintiffs allege that National Fire wrongfully disclaimed coverage in each and every underlying matter based on a faulty interpretation of contract language and insurance law. Plaintiffs also allege that because National Fire disclaimed coverage, they have incurred costs in excess of their equitable share in defending and settling the Underlying Matters. As such, this case is similar to *Assurance Co. of Am. v. Nat. Fire & Marine Ins. Co.*, 2:09-cv-01182-JCM-PAL ("*Assurance I*"), in which six of the seven Plaintiffs in this case (all except Zurich Services Corp.) filed suit against National Fire alleging similar facts and claims regarding different insureds and underlying construction defect lawsuits.

Unlike in *Assurance I*, where the Plaintiffs filed suit in federal court, Plaintiffs filed this case in the Eighth Judicial District Court for the State of Nevada on May 24, 2010. National Fire subsequently removed the case to this Court on December 16, 2010, based on diversity jurisdiction. Plaintiffs bring claims for declaratory relief, contribution, indemnity, and breach of contract. Now before the Court is National Fire's motion to dismiss or sever the case and Plaintiffs' motion to remand the case to state court. For the reasons discussed below, the Court denies Plaintiffs' motion and grants National Fire's motion in part and defers ruling in part.

## DISCUSSION

The Court will first address the jurisdictional questions raised in Plaintiffs' motion to remand. After explaining why the Court has and retains jurisdiction over this case, the Court

/

2

will turn its attention to the issues of permissive joiner under Federal Rule of Civil Procedure 20 and whether the complaint adequately states a claim under Rules 8 and 12(b)(6).

## I. Motion to Remand

Plaintiffs do not dispute that National Fire properly removed this case in asserting diversity jurisdiction. In their motion, Plaintiffs merely argue that the Court is under no duty to exercise jurisdiction over this coverage dispute between insurance providers. Plaintiffs devote sixteen lines, including headings, to their motion to remand. Plaintiffs, however, introduced new arguments in their reply for why the Court should decline jurisdiction (the reason the Court allowed surreplies). The Court disagrees with Plaintiffs arguments and finds that it does not have discretion to remand the case. Nonetheless, whether the Court is able to exercise discretion in deciding to remand or not, after examining the *Brillhart* factors, the Court would decline to exercise its discretion to remand and would retain jurisdiction over the case.

### A. Discretion to Remand

The Court does not have discretion to remand this case because Plaintiffs seek monetary damages in their independent contribution, indemnity, and breach of contract claims, in addition to the claims for declaratory relief. The Ninth Circuit has held that "when other claims are joined with an action for declaratory relief . . ., the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (*en banc*); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001). Since these separate claims "provide an independent basis for federal diversity jurisdiction, the [Court] is without discretion to remand or decline to entertain" them. *Dizol* 133 F.3d at 1225–26 n.6

Plaintiffs argue, however, that the Court may decline jurisdiction because these separate claims are intertwined with and dependent on their claims for declaratory relief. *R&D Latex*, 242 F.3d at 1112–13. The Court, again, disagrees. While these claims are obviously related to the declaratory judgment claims, they are not dependent on the declaratory relief claims

1   as they could have been brought without the declaratory relief claims.  *Id.*, at 1113–14.

2   ("Satisfaction of equitable rights for monetary relief has not historically been predicated on

3   favorable disposition of a claim for declaratory judgment.")  As such, the Court does not have

4   discretion to remand this case to state court.

5         **B.**      **Discretionary Remand**

6         Even if the Court had the discretion to remand, it would decline to do so.  Where

7   the Court has discretion to decline jurisdiction, the Ninth Circuit has set forth a non-exhaustive list

8   of three factors (the *Brillhart* factors) that the Court should principally consider: (1) whether the

9   exercise of jurisdiction would require the "needless determination of state law issues;" (2) whether

10  the exercise of jurisdiction would encourage forum shopping; and (3) the general preference to

11  "avoid duplicative litigation."  *Huth v. Hartford Ins. Co. of the West*, 298 F.3d 800, 803 (9th Cir.

12  2002) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Dizol*, 133 F.3d at

13  1225).

14        **1.**      **Needless Determination of State Law Issues**

15        First, while the Court will obviously need to consider state law issues in this case,

16  this does not require the Court to decline jurisdiction.  In this case, the laws of seven different

17  states have been implicated by the Underlying Matters.  Therefore the state courts of Nevada do

18  not have any particular or special interest in resolving this case.  Further, Plaintiffs rely on federal

19  cases in their argument that National Fire owed the Insureds a duty to defend.  Accordingly, while

20  this factor may slightly favor remand, it does not do so strongly.

21        **2.**      **Forum Shopping**

22        The second factor considering whether exercising jurisdiction would encourage

23  forum shopping weighs in favor of the Court maintaining jurisdiction.  Plaintiffs argue that the fact

24  that National Fire removed this case from state court is prima facie evidence of forum shopping.

25  Plaintiffs do not provide the Court with a citation for this assertion, likely because it is

26  unsupported by law.  In actuality, remanding the case to state court would encourage forum

shopping. *See R&D*, 242 F.3d at 1115 ("Forum shopping through the filing of declaratory judgment actions is no more appropriate when it favors state over federal jurisdiction than it is when it favors the reverse."). Plaintiffs (except Zurich Services Corp.) also filed a largely similar action, *Assurance I*, in this district previously. Now Plaintiffs seek to litigate these similar legal issues in a different forum. This represents forum shopping, not mere removal based on diversity jurisdiction. Accordingly, this factor strongly weighs in favor of retaining jurisdiction.

### 3. Duplicative Litigation

Finally, Plaintiffs admit that no duplicative state court litigation currently exists and that none is likely. (Dkt. #21, Reply 6:5.) Accordingly, this factor weighs in favor of maintaining jurisdiction over this case.

After considering the three *Brillhart* factors, the Court finds that they weigh in favor of the Court retaining jurisdiction over this case. As such, the Court would deny Plaintiffs' motion even if it had discretion to decline jurisdiction over this case.

## II. Motion to Dismiss or Sever

As the Court's findings on the severance issue will directly impact the decision on whether to dismiss the complaint, the Court will first address the severance portion of National Fire's motion.

### A. Motion to Sever

#### 1. Legal Standard

Rule 20(a) states that, in order for more than one plaintiff to join together in an action, the "plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). If the district court chooses to

AO 72
(Rev. 8/82)

sever the case, it may do so by dismissing "all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs." *Id*.

**2.     Analysis**

Plaintiffs do not meet the requirements for permissive joinder under Rule 20. Plaintiffs argue that the Court should not sever this action as the various claims are related. Plaintiffs contend they meet the first permissive joinder requirement because the relief sought in their complaint is all based on the same series of transactions. In so arguing, Plaintiffs contend that National Fire's practice of disclaiming coverage based on a particular provision in its insurance policies is a single series of transactions. However the denials are based on different facts: different damage to different buildings or other construction projects at different times and in different places. These separate and distinct denials of insurance coverage, therefore, do not become a single series of transactions merely because they are based on the same policy provision. *Lynch v. Am. Family Mut. Ins. Co.*, 2010 WL 4024891, at *1–2, No. 2:10-cv-00962-RLH-RJJ (D. Nev. Oct 12, 2010) ("The mere use of standard policies in handling insurance claims is insufficient to make different legal claims transactionally related."). Entirely separate, though similar, events do not constitute a series of transactions or occurrences. Therefore, where, as here, "the factual scenario behind each plaintiff's claim" is different, severance of the misjoined Plaintiffs is proper. *Lynch*, 2010 WL 4024891, at *2.

Plaintiffs also claim they meet the second requirement because the same legal analysis applies to each claim, namely a determination on National Fire's duty to defend. The Court need not address this issue, however, as Plaintiffs must meet both requirements of Rule 20(a) to properly join.

Further , Rule 20 should be construed in light of its purpose "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 at 395 (3d ed. 2001). Here, though joinder may technically prevent multiple lawsuits, joining these

cases would not promote trial convenience or efficiency. In fact, joinder would make this case impossible to manage, or at least nearly so.

Since joinder of the Plaintiffs is improper, the Court severs the case under Rule 21. Rule 21 allows the Court to add or drop parties at anytime on just terms. Here, the Court severs each party from this case save the first named party, Assurance, and dismisses them without prejudice to reassert their separate claims.

### B. Motion to Dismiss

Since the Court has severed each party except for Assurance from this case, the Court must construe the complaint in this light. The Complaint does not specify which of the seven Plaintiffs insured which of the Insureds and which of the Underlying Matters. Therefore, the Court is unable to fully consider whether the complaint states a claim as currently plead. As part of the difficulty is due to severing six of the plaintiffs from the case, the Court defers ruling on the motion to dismiss. Instead, the Court grants Assurance until July 5, 2011, to amend its complaint by removing the Insureds and Underlying Matters that are no longer relevant to this case. Further, the Court suggests that Assurance consider National Fire's 12(b)(6) arguments and address them in its amended complaint with further factual elaboration. After Assurance provides the Court with the amended complaint, the Court will rule on whether it states a claim for which relief may be granted.

/
/
/
/
/
/
/
/

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#11) is DENIED.

IT IS FURTHER ORDERED that National Fire's Motion to Dismiss or Sever (#5) is GRANTED in part and DEFERRED in part, as follows:

- All Plaintiffs other than Assurance are severed from this case and dismissed without prejudice to reassert their claims.
- The Court defers ruling on the motion to dismiss portion of the motion. Instead, Assurance is granted until July 5, 2011 to file an amended complaint.

Dated: June 17, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**