UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, | Case No.: 2:10-cv-02182-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss or Sever–#42; Motion to Appoint Special Master–#51) |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant. | |

Before the Court is Defendant National Fire & Marine Insurance Company's ("National Fire") **Motion to Dismiss or Sever** (#42, filed July 19, 2011) based on a failure to state a claim. The Court has also considered Plaintiff Assurance Company of America's ("Assurance") Opposition (#46, filed Aug. 5), and National Fire's Reply (#49, filed Aug. 15).

Also before the Court is Assurance's **Motion to Appoint Special Master** (#51, filed Nov. 4). The Court has also considered National Fire's Opposition (#52, filed Nov. 21), and Assurance's Reply (#53, filed Dec. 1).

## BACKGROUND

The background of this case is as unspecific as it is simple.[1] In essence, Assurance claims that it and National Fire jointly insured (or insured at different times) multiple of the same

---

[1] For further elaboration, the Court directs the reader to its Order (#39, June 17, 2011) which severed various misjoined plaintiffs from this case and deferred ruling on the issue of dismissal.

1

insureds ("Underlying Insureds") that were sued in various construction defect cases or Chapter 40 proceedings (the "Underlying Matters").  National Fire allegedly disclaimed coverage whereas Assurance provided a defense for the Underlying Insureds.  Now, Assurance asserts 116 claims for a declaratory judgment that National Fire owed a duty to defend in the Underlying Matters against the Underlying Insureds and one claim for contribution as to 116 underlying lawsuits and their related defense and settlement costs.

Assurance Company initially filed this action along with six other insurance companies against National Fire in the Eighth Judicial District Court for the State of Nevada. National Fire removed the case on December 16, 2010.  The Court then severed the other plaintiffs (Dkt. #5, Order) since they were improperly joined in this matter, and stated that it deferred ruling on National Fire's first motion to dismiss until Assurance filed an amended complaint without the wrongfully joined insurance companies.  Assurance has filed its Second Amended Complaint and National Fire now moves to dismiss that complaint.  For the reasons discussed below, the Court grants National Fire's motion.

**DISCUSSION**

**I.     Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

1    In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts
2 are to apply when considering motions to dismiss. First, a district court must accept as true all
3 well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the
4 assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only
5 by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider
6 whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A
7 claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
8 a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where
9 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
10 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
11 quotation marks omitted). When the claims in a complaint have not crossed the line from
12 conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

13 **II.    Analysis**

14    When the Court severed the wrongfully joined insurance companies in its Order
15 (#39), the Court also suggested "that Assurance consider National Fire's 12(b)(6) arguments and
16 address them in its amended complaint with further factual elaboration." Assurance apparently
17 chose to forgo that opportunity and resubmit an amended complaint devoid of the further factual
18 elaboration the Court kindly advised in order to avoid dismissal. Rather, Assurance resubmitted
19 essentially the same complaint without the misjoined plaintiffs. Instead, Assurance submits a list
20 of Underlying Insureds, Underlying Matters, and a sprinkling of legal conclusions essentially
21 devoid of facts. In essence, Assurance merely states that claims were asserted against the
22 Underlying Insureds which gave rise to coverage and National Fire refused to contribute to
23 Underlying Insureds' defense. Assurance failed to allege any specific property damage, identify
24 any particular National Fire insurance policies, identify the time periods of coverage in any alleged
25 policies, or even claim that the property damage occurred during a National Fire policy period.
26

(*See* Dkt. #41, ¶¶ 6, 8-10.)  Therefore, Assurance's allegations for its declaratory judgment claims are insufficient and the Court is compelled to dismiss them.

Also, an insurer plaintiff has standing to seek contribution from another insurer only where the insurers "insure the same insured and cover the same risk." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 303 (Cal. Ct. App. 1998); *Low v. Golden Eagle Ins. Co.*, 125 Cal. Rptr. 2d 155, 162 (Cal. Ct. App. 2002).  Where different insurance carriers cover differing risks and liabilities, they cannot proceed against each other for reimbursement by way of a contribution cause of action.  *Reliance Nat'l Indem. Co. v. General Star Indem. Co.*, 85 Cal. Rptr. 2d 627, 635-36 (Cal. Ct. App. 1999).  Here, Assurance does not make any allegations as to whether National Fire "share[d] the same level of obligation on the risk as to the same insured[s]" as there are no allegations about the policies.  *Id.* at 637.

Further, in its brief, Assurance included facts that were not in its complaint but were first discussed in its opposition to the motion to dismiss.  Particularly telling[2], Assurance claims that National Fire's argument that it was not sufficiently put on notice by the Second Amended Complaint is false because of the initial disclosures and other exchanges of information that have occurred in this case.  However, "'in determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'" *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in original) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)).  Nonetheless, such facts "should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."  *Id.* (quoting *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)).  In this instance, the Court previously granted Assurance leave to amend

---

[2] It is also somewhat telling that Assurance chose to cite *Conley v. Gibson*, 55 U.S. 41 (1957), and its "no set of facts" standard retired by *Twombly*, 550 U.S. at 562.  In this Court's experience, citations to *Conley* in the last few years tend to go hand-in-hand with insufficiently plead complaints.

by a specified date with the warning and advice that Assurance consider National Fire's prior 12(b)(6) arguments in revising its Complaint.  As previously stated, Assurance chose to forgo this suggestion and resubmit essentially the same complaint without the advised factual elaboration.  Thus, rather than grant leave to amend a second time, the Court dismisses Assurance's second amended complaint without prejudice.  As the Court dismisses the second amended complaint, the motion requesting the Court appoint a special master is denied as moot.

Since the Court dismisses this complaint without prejudice, Assurance may once again reassert its claims.  If it does so, the Court advises Assurance that it is unwilling to hear each of these 116 claims in one action as such would be impossible to manage, or at least nearly so.  If Assurance properly repleads its claims in this manner the Court would sever the claims, most likely by underlying insured or some other such logical construct.  Rather than have the Court sever the case, the Court advises Assurance to bring its claims in a more manageable fashion.[3]

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that National Fire's Motion to Dismiss or Sever (#42) is GRANTED.  Assurance's Second Amended Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Assurance's Motion to Appoint a Receiver  (#51) is DENIED as moot.

Dated: December 13, 2011.

_____
**ROGER L. HUNT
United States District Judge**

---

[3] The Court fully recognizes that the Federal Rules of Civil Procedure gives Assurance the right to assert each and every claim it has against a single defendant in a single action, nonetheless, the Court also has the authority to manage its docket.