UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:10-cv-02182-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant National Fire & Marine Insurance Company's Motion to Compel Assurance to Supplement its Initial Disclosures, Respond to Interrogatories, and Produce Documents (#102), filed on September 9, 2013. Plaintiff Assurance Company of America filed its Response to the Motion to Compel (#109) on September 26, 2013, and Defendant filed its Reply in Support of its Motion to Compel (#111) on October 7, 2013. The Court conducted a hearing in this matter on October 11, 2013.

For the reasons discussed during the hearing on Defendant's motion, the Court grants Defendant's motion to compel and orders the Plaintiff to supplement its discovery responses on or before November 1, 2013, unless the time for response is otherwise extended by agreement of the parties or court order, as follows:

1. Plaintiff shall identify the bank account(s) and corresponding bank account holder(s) from which payments were made by or on behalf of Assurance Company of America for defense or indemnity in the underlying claims that are the subject of this action;

2. Plaintiff shall describe in reasonably complete detail the allocation of payments for defense or indemnity in the underlying claims between Assurance Company of America and other

related or commonly owned insurance companies who issued insurance policies that covered or potentially covered the underlying claims.

      3.      Plaintiff shall provide information regarding the percentage of the total defense or indemnity payments it or its related or commonly owned insurance companies paid in underlying claims. Plaintiff shall identify any other insurers who paid a portion of the defense or indemnity costs in the underlying claims and the amount thereof, if such information is in the possession, custody and control of the Plaintiff.

      4.      Plaintiff shall provide a reasonably complete and detailed computation of the amounts it contends that Defendant is obligated to pay on each underlying claim which shall include a description of the damage "model(s)" and/or factors Plaintiff has used to compute those amounts and how those models and factors have been used or applied to calculate the amount that Defendant is reasonably obligated to pay as its fair share of the defense or indemnity payments in the underlying claims.

The Court further finds that Plaintiff's assertion of a so-called "litigation privilege" in response to Defendant's requests for production of documents is without merit. Plaintiff bases this so-called "litigation privilege" on Nevada case law regarding "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged." *Fink v. Oshins*, 118 Nev. 428, 433-34, 49 P.3d 640, 643 (2002). The common law rule discussed in *Fink,* and the other cases cited by Plaintiff, grants immunity from civil liability for communications made in the course or contemplation of judicial proceedings that might otherwise be actionable as defamation or a similar claim. It is not a privilege that protects one from being compelled to produce confidential communications or information such as the attorney-client privilege and the attorney work-product doctrine. There is no "litigation privilege" in the sense that Plaintiff purports to use the term. Plaintiff is therefore ordered to produce any and all documents that it has withheld for production on the basis of the "litigation privilege," unless it has also asserted in good faith that the documents are protected from disclosure by the attorney-client privilege or the work-product doctrine or privilege. To the extent that Plaintiff has asserted either of these privileges, it shall supplement its privilege logs and/or provide affidavits accordance with

*Diamond State Insurance Co. v. Rebel Oil Company, Inc.*, 157 F.R.D. 691, 698-700 (D. Nev. 1994) to show that either privilege applies.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant National Fire & Marine Insurance Company's Motion to Compel Assurance to Supplement its Initial Disclosures, Respond to Interrogatories, and Produce Documents (#102) is **granted** in accordance with the foregoing and as set forth during the hearing on October 11, 2013.

DATED this 15th day of October, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge